IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-500(1) |
| | § | C.A. No. C-07-417 |
| RAFAEL VILLEGAS-CARRERA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

Pending before the Court is Rafael Villegas-Carrera's ("Villegas-Carrera") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (D.E. 26.)[1] Also before the Court is the government's response, which includes a motion to dismiss. (D.E. 33, 34.) By order signed and entered on June 9, 2008, the Court directed Villegas-Carrera to expand the record by filing a sworn statement containing additional information regarding his claim that his counsel failed to appeal. (D.E. 36.) He was given twenty days to file his statement, or until June 30, 2008. (D.E. 36 at 4.) Villegas-Carrera was also specifically warned that failure to provide the sworn statement requested could result in a dismissal of his case for failure to prosecute. (Id.) Despite this warning, nothing has been received from Villegas-Carrera to date.

---

[1] Docket entry references are to the criminal case, CR. No. C-06-500.

The Court has considered all of the submissions of the parties and the record in this case. As discussed in detail herein, the Court DENIES Villegas-Carrera's § 2255 motion, both because of his failure to prosecute it and because his claims fail on their merits.

## I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2006, Villegas-Carrera was charged in a single-count indictment with illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 9.) On August 30, 2006, Villegas-Carrera pleaded guilty to the indictment. Although the parties had negotiated a written plea agreement, the Court rejected that plea agreement. (D.E. 16; D.E. 30, Rearraignment Transcript at 32-33; see also August 30, 2006 Minute Entry.) Pursuant to this Court's Order, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (D.E. 15, 18.)

On November 16, 2006, Villegas-Carrera was sentenced to 48 months in the custody of the Bureau of Prisons to be followed by a three-year term of supervised release. The Court also imposed a $100 special assessment. (D.E. 23.) Judgment was entered November 20, 2006. (D.E. 23.) Villegas-Carrera did not file a notice of appeal. Villegas-Carrera was represented throughout the underlying criminal proceedings by appointed counsel David Diaz.

The Clerk received the instant § 2255 motion from Villegas-Carrera on October 26, 2007, along with a supporting memorandum. (D.E. 26, 27.) The motion is timely.

### III.  MOVANT'S ALLEGATIONS

Villegas-Carrera's motion lists four grounds for relief, all of which are ineffective assistance of counsel claims. First, he alleges that his counsel coerced him into accepting a guilty plea by promise of a lower sentence and that he was intimidated by his counsel into following advice to "keep quiet" and "not to take the stand." (D.E. 26 at 4.) As part of this claim, he alleges that his counsel told him that if he acted as directed, counsel would help him on future proceedings, such as an appeal. (Id.)

In his second ground for relief, Villegas-Carrera claims that he instructed his counsel to file an appeal on his behalf, and that his counsel failed to prosecute the appeal. (D.E. 26 at 4.)

In his third ground for relief, Villegas-Carrera alleges that his counsel was constitutionally ineffective for failing to challenge the computation of his offense level and criminal history in his Presentence Investigation Report ("PSR"). (D.E. 26 at 4.) In his supporting memorandum, Villegas-Carrera clarifies that he believes counsel should have challenged paragraphs 21 and 23 of the PSR, which were the only two paragraphs that resulted in points toward his criminal history. (D.E. 27 at 3.)

Villegas-Carrera's fourth and final ground for relief asserts that counsel was constitutionally ineffective for failing to challenge "the discrepancies" in the PSR.

3

Specifically, Villegas-Carrera contends that counsel should have argued that the Court erred in applying Sections 4A1.1(d) and (e) of the Sentencing Guidelines. (D.E. 26 at 5.)

The government's response includes an affidavit from defense counsel, David Diaz. In it, Diaz denies all allegations of ineffectiveness. (D.E. 33, Diaz Aff.) As part of his affidavit, Diaz also expressly denies that Villegas-Carrera ever directed or requested that his case be appealed. (D.E. 33, Diaz Aff. at 2.)

## IV. ANALYSIS

### A. Dismissal for Failure to Prosecute

Even though there is no pending motion for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, the Court nonetheless has the inherent authority to dismiss this action *sua sponte*. See McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has inherent authority to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order). In this case, Villegas-Carrera's failure to respond to the Court's request for information also suggests that he has lost interest in pursuing his claim that his counsel failed to file an appeal has directed.

Accordingly, the Court concludes that Villegas-Carrera's motion should be dismissed without prejudice because of his failure to prosecute. Moreover, as discussed in the following section, the Court has reviewed the claims raised in Villegas-Carrera's motion and concludes that the motion is also subject to dismissal on the merits because Villegas-Carrera has not shown that he is entitled to relief.

**B.     Substance of Movant's Claims**

**1.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

All of Villegas-Carrera's claims are couched as ineffective assistance of counsel claims.  Such claims are properly made for the first time in a § 2255 motion because they raise issues of constitutional magnitude and generally cannot be raised on direct appeal. United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).   Thus, Villegas-Carrera's claims are not procedurally barred from consideration here.

## 2. <u>Ineffective Assistance of Counsel Claim</u>s

### a. **General Standard**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>United States v. Willis</u>, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. <u>Id</u>. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. <u>United States v. Dovalina</u>, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. <u>Armstead v. Scott</u>, 37 F.3d 202, 210 (5th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); <u>Carter v. Johnson</u>, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

For the reasons set forth herein, none of Villegas-Carrera's ineffective assistance claims entitle him to relief.

### b.     Claim That Counsel Coerced Him Into A Guilty Plea

As noted, Villegas-Carrera's first claim is that his counsel coerced him into accepting a guilty plea by promise of some unspecified lower sentence. He alleges that his counsel told him that if he acted as directed, counsel would help him on future proceedings, such as an appeal. (Id.) This claim fails because it is flatly contradicted by Villegas-Carrera's own testimony at his rearraignment and because he has failed to produce any reliable evidence to support his claim.

Specifically, at his rearraignment, the Court explained to Villegas-Carrera that he faced a maximum punishment of twenty years in prison, and a maximum fine of $250,000. (R. Tr. at 16.) The Court also informed him that there was a mandatory $100 special assessment, and that the maximum term of supervised release could be three years. (R. Tr. at 16-17.) Villegas-Carrera testified that he understood. (R. Tr. at 17.)

Villegas-Carrera further testified that no one had threatened him or forced him to plead guilty, and, significantly, that no one had promised him leniency, any special favor or special sentence for pleading guilty. (R. Tr. at 18-19.) He testified that it was his decision to plead guilty and that he was pleading guilty because he committed the crime of illegal reentry. (R. Tr. at 19.)

Later in the proceedings, after giving Villegas-Carrera a break to speak with his attorney, Villegas again told the Court that no one had promised him any particular sentence:

7

>THE COURT: And Mr. Villegas, has anyone promised you what your sentence would be?
>
>THE DEFENDANT: No, sir.

(R. Tr. at 28.)

Villegas-Carrera's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Villegas-Carrera's sworn statements show that he understood the charges against him, he understood the possible maximum sentence he faced, that no one had promised him any particular sentence and that his guilty plea was voluntary. His claim at this juncture that his counsel promised him some particular sentence[2] is without any credible support in the record.

Moreover, his claim that he was induced into pleading guilty by a promise from his attorney fails because he has failed to provide any specific information in support of his claim. A § 2255 movant may proceed on a claim that he was promised a particular sentence, when such a claim is inconsistent with his representations in court, only under narrow circumstances. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Specifically,

---

[2] Nowhere does Villegas-Carrera identify the specific sentence he alleges he was promised.

8

a defendant may seek habeas relief on the basis of alleged promises, even though inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. 132 F.3d at 1110. A defendant is entitled to an evidentiary hearing on the issue if he can produce evidence showing the merit of his allegations, typically in the form of an affidavit from a reliable third party. Id.

Villegas-Carrera has not provided any of the three pieces of information required by Cervantes. For example, Villegas-Carrera has not alleged any facts about the specific promise made or when and where it was made, nor has he identified any witnesses to the alleged promise, or provided any evidence showing the merit of his allegations. Thus, he is not entitled to relief under Cervantes. In short, his claim that he was induced into pleading guilty by a promise from his attorney is foreclosed by his own testimony and lack of any evidence as specified in Cervantes. For the foregoing reasons, this claim fails.

### c. Claim That Counsel Was Directed To Appeal And Failed To Do So

Villegas-Carrera's second claim is that his counsel failed to file an appeal. (D.E. 26 at 4.) As an initial matter, the Court notes that his court-appointed counsel, David Diaz, has provided a detailed affidavit and expressly denies ever having been asked to appeal Villegas-Carrera's case. (D.E. 33, Affidavit of David Diaz at 2.)

As noted by the Court in its order directing Villegas-Carrera to provide additional information, Villegas-Carrera's most specific statement in support of his claim is that "Movant claims that he adviced [sic] his counsel to file a Timely Notice of Appeal, because Movant felt there were errors in the proceedings, as well as sentencing, thus, Movant was ignored by Counsel." (D.E. 27 at 8.)

He has not provided any detail in support of his claim, despite being directed to do so by the Court. (See D.E. 36.)  For example, he does not say when he told his counsel to appeal, whether it was in person or via letter, whether any other witnesses were present, what counsel's response to his request was, or whether counsel told him he would or would not appeal.  Particularly given the fact that he has declined to take advantage of an opportunity given by the Court to support this claim, his vague and conclusory allegation is insufficient to require an evidentiary hearing.  Cf. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (conclusory allegations on a critical question do not raise a constitutional issue).  Accordingly, under the particular circumstances of this case, a hearing is unnecessary to resolve this issue.  Villegas-Carrera is not entitled to relief on his claim that his counsel failed to appeal.

### d.     Claims of Ineffective Assistance of Counsel At Sentencing

Villegas-Carrera's third and fourth grounds for relief both allege that his counsel was constitutionally ineffective at sentencing.  In his third claim, he argues that counsel should have challenged the computation of his offense level and criminal history in his Presentence

Investigation Report ("PSR"), and, in particular paragraphs 21 and 23. (D.E. 26 at 4; D.E. 27 at 3.) Similarly, in his fourth ground for relief, Villegas-Carrera argues that counsel was should have argued that the Court erred in applying Sections 4A1.1(d) and (e) of the Sentencing Guidelines. (D.E. 26 at 5.)

In order for Villegas-Carrera to show that he suffered prejudice as a result of counsel's ineffectiveness at sentencing, he must show that there is a reasonable probability that, but for counsel's alleged errors, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that, absent counsel's errors, he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004). As discussed herein, this is a showing Villegas-Carrera has not made.

In his affidavit, defense counsel explains that there was no need to challenge paragraphs 21 and 23 because the points awarded were proper. (Diaz Aff. at 2.) Similarly, counsel explained that there was need to challenge the Court's application of Section 4A1.1(d) and (e), because the Court did not apply Section 4A1.1(d) and Section 4A1.1(e) was properly applied. (Diaz Aff. at 2.)

The Court has reviewed the PSR and the Sentencing Guidelines and agrees with counsel's assessment of these last two claims. None of the objections that Villegas-Carrera now contends his counsel should have made are meritorious. Accordingly, even if counsel had raised the objections identified by Villegas-Carrera in his § 2255 motion, he would not

have received a different sentence.  Counsel was not deficient for failing to raise a frivolous argument, nor is there any prejudice to Villegas-Carrera as a result of such failure.  <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").  Villegas-Carrera's third and fourth claims also fail.

If the Court were dismissing Villegas-Carrera's motion solely because of his failure to prosecute, the dismissal would be without prejudice.  Because all of Villegas-Carrera's claims fail on their merits, however, his motion is DISMISSED WITH PREJUDICE.

## V.  <u>CONCLUSION</u>

For the above-stated reasons, Villegas-Carrera's motion under 28 U.S.C. § 2255 (D.E. 26) is DISMISSED WITH PREJUDICE.

ORDERED this 31st day of July, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE